Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 328 | **DATE** | 9/17/2001 |
| **CASE TITLE** | LARRY CHARBERT HAYES vs. KENNETH BRILEY, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Motion by respondent Kenneth R. Briley, Warden, to dismiss petitioner's habeas corpus petition is granted. The petition for writ of habeas corpus is accordingly dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 18 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 17 PM 5:16 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY CHARBERT HAYES ) | |
| Petitioner, ) | |
| ) | No. 01 C 00328 |
| v. ) | |
| ) | |
| KENNETH BRILEY, Warden ) | Judge Ronald A. Guzmán |
| Respondent. ) | |

**DOCKETED**
SEP 1 8 2001

## MEMORANDUM OPINION AND ORDER

On January 18, 2001 petitioner Larry Charbert Hayes filed his petition seeking a writ of habeas corpus. Petitioner alleges that he was denied effective assistance of counsel. On April 17, 2001, this Court noted the affirmation of the first dismissal of post-conviction relief and instructed respondent to explain whether the other three petitions were properly filed, for if they were not then the instant petition is clearly untimely. Respondent now moves to dismiss on the contention that the latter three petitions were not properly filed, or alternatively that the fourth was not properly filed, and thus could not suspend the tolling of the one-year statute of limitations. For the following reasons, the court finds the petition time barred.

Page -1-

## BACKGROUND FACTS

On February 9, 1994, petitioner was convicted by the Circuit Court of Cook County of unlawful possession of 900 grams or more of a substance containing cocaine, and unlawful possession with intent to deliver 900 grams or more of a substance containing cocaine, in violation of 720 ILCS 570/402(a)(2)(D) (West 1992) and 720 ILCS 570/401(a)(2)(D) (West 1992). Following a jury trial, Petitioner was convicted on both charges, and was later sentenced to 55 years imprisonment on the latter charge, and imposed a fine of $1.3 million This conviction and sentence was affirmed by the Illinois Appellate Court on March 20, 1995 in a Rule 23 order, *People v. Hayes,* No. 93-CF-1354 (unpublished opinion), and the Illinois Supreme Court denied leave to appeal on October 4, 1995. Petitioner sought a timely petition for rehearing in the Illinois Appellate Court, which was denied on April 19, 1995 (Unpublished Order No. 2-94-0288) (Respondent's Exhibit A.). Petitioner then filed for leave to appeal to the Illinois Supreme Court. While his direct appeal was pending, petitioner filed a petition for post-conviction relief on May 22, 1995, under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq. The trial court dismissed the petition as frivolous and without merit, and the Illinois Appellate Court affirmed on April 17, 1996. *People v. Hayes,* 279 Ill. App. 3d 575, 665 N.E.2d 419, (2nd Dist. 1996)(Respondent's Exhibit B).

On August 19, 1995, petitioner filed his second petition for post-conviction relief, which was denied by the trial court and was subsequently affirmed by the Illinois Appellate Court on December 31, 1996. *People v. Hayes,* (Order No. 2-96-0138, dated December 31, 1996)(Respondent's Exhibit C). Although deemed untimely the Illinois Appellate Court addressed the merits of petitioner's arguments and denied it on arguments raised in the second

post-conviction petition. In the meanwhile, the Illinois Supreme Court had denied leave to appeal for the first and second post conviction petitions on October 2, 1996, and April 2, 1997, respectively.

On May 1st, 1997, petitioner filed a third petition for post-conviction relief, which was dismissed by the trial court and affirmed by the Illinois Appellate Court on July 8, 1998. *People v. Hayes*, (No. 2-97-0958, dated July 8, 1998, pursuant to Illinois Supreme Court Rule 23)(Respondent's Exhibit D). On December 2, 1998, the Illinois Supreme Court denied leave to appeal to this third post conviction petition. Although this petition was untimely the Illinois Appellate Court reviewed the arguments raised by petitioner and denied it on substantive grounds.

On January 22, 1999, petitioner filed his fourth and final petition for post-conviction relief, which was again dismissed by the trial court, and affirmed by the Illinois Appellate Court on June 19, 2000. This petition was deemed untimely. *People v. Hayes*, (No. 2-99-0467, dated June 19, 2000)(Respondent's Exhibit E). The Illinois Supreme Court denied leave to appeal on October 4, 2000.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty act ("AEDPA") which established a one-year period of limitation for filing a motion under 28 U.S.C. § 2254. Under the AEDPA, a state prisoner who wants collateral relief from a federal court must file his federal petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented by such action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercises of due diligence.

28 U.S.C. § 2241(d)(1); *see also Owens v. Boyd*, 235 F. 3d 356, 357 (7th Cir. 2000).

For § 2254 petitions filed by persons convicted prior to the effective date of the AEDPA, the period of limitations began to run on April 24, 1996. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). Thus, Petitioner had until April 23, 1997 to file a timely petition. *See id.; see also Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

The one year limitations period is interrupted, however, during the time a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). The Seventh Circuit has held that "whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed.'" *Fernandez v. Sternes*, 227 F. 3d 977, 978 (7th Cir. 2000). Additionally, where a state court reaches the merits of a dismissal in addition to a procedural default, a federal court considering an AEDPA petition may nonetheless consider it "properly filed" for purposes therein absent an explicit ruling on procedural grounds. *Id. See*

*Jefferson v. Welborn*, 222 F.3d 286, (7th Cir. 2000); *see also Harris v. Reed*, 489 U.S. 255, 103 L. Ed. 2d 308, 109 S. Ct. 1038 (1989).

Currently, the Illinois Post Conviction Hearing Act allows defendants to collaterally attack convictions. 725 ILCS 5/122-1 (West 2000). Such attacks must be initiated within 6 months of the denial of a petition for leave to appeal, or the date for filing such a petition if none is filed, or 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed), or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. *Id.* The Illinois Supreme court has held that the provisions in section 5/122-1 contemplate a single collateral attack on all claims arising out of the state court judgment, such that any allegations of denial of constitutional rights will be barred by *res judicata*, unless it could not have been presented in an earlier proceeding. *People v. Caballero*, 179 Ill.2d 205, 211-12; 688 N.E.2d 658, 661 (Ill. 1997). Further, successive petitions may be filed "where the original proceedings were deficient in some way...where the claimed error is one that could not be brought in the original proceeding." *People v. Free* 122 Ill. 2d 367, 376; 522 N.E.2d 1184, 1188 (Ill 1988).

In the present case, the AEDPA one-year statute of limitations began to toll on April 23, 1996, the day that AEDPA took effect. Ordinarily, the one year time period would have expired on April 23, 1997. However, Petitioner filed a timely petition for post-conviction relief on May 22, 1995. It was dismissed in the trial court as frivolous and without merit on July 24, 1995, and affirmed on April 17, 1996. The 1-year time limit would toll until October 2, 1996, when the

Illinois Supreme Court denied leave to appeal, and would have expired on October 2, 1997. Petitioner did not file this petition until January 18, 2001, and thus clearly beyond the deadline.

Yet, our inquiry does not end here. Petitioner filed a second post conviction petition on August 19, 1995, while the appeal of the first post-conviction petition was pending, which was dismissed on December 7, 1995 as untimely. Because the second post-conviction was not decided on the merits, but rather on timeliness grounds, it was not "properly filed" and could not have suspended the 1-year time limit. *See* 28 U.S.C. § 2244(d)(2); *see also Freeman v.* 208 F.3d 572, 573-74 (7th Cir. 2000). However, since the Illinois Appellate Court affirmed the dismissal of the second post-conviction petition on grounds of timeliness and waiver, but then went on to address the merits of the double jeopardy issue, a generous reading of section 2244(d)(1) could support a finding that the case was decided on the merits. Therefore, the one year time limit would have tolled until April 2, 1997, when the Illinois Supreme Court denied leave to appeal the second post-conviction, expiring on April 2, 1998.

On May 1, 1997, petitioner filed a third petition for post-conviction relief. It, also, was dismissed by the trial court on timeliness grounds, and thus ordinarily would not have tolled the 1-year time limit. However, because Illinois Appellate Court both affirmed the trial court's procedural grounds and addressed the issue of the trial court judge having prosecuted a previous case against petitioner, it is possible to treat it as "properly filed" under section 2244(d)(1). Therefore, the one year time limit would have tolled until December 2, 1998, when the Illinois Supreme Court denied leave to appeal. Petitioner therefore had until December 2, 1999 to file his petition for habeas corpus relief.

Unlike the second and third post conviction appeals, however, the decision in the fourth post-convection petition was clearly on procedural grounds. The fourth petition for post-conviction relief, commenced on January 22, 1999, was dismissed by the trial court and affirmed by the Illinois Appellate Court on June 19, 2000. In that ruling the court reached only the timeliness and res judicata issues, not on the merits, and thus we may not treat it as "properly filed." Because it was not properly filed, the fourth post-conviction could not have tolled the 1-year time limit for filing a federal habeas corpus petition. Even under a liberal reading of section 2244, the current petition for habeas corpus relief is untimely. 28 U.S.C. § 2244(d)(2) (2000); *see also Freeman*, 208 F.3d at 573-74.

Under the most liberal reading of the Illinois post-conviction relief statute and AEDPA, the one-year statute of limitations began to run on December 2, 1998, when the Illinois Supreme Court denied leave to appeal the third post-conviction petition, and ended on December 2, 1999. The petition for writ of habeas corpus is accordingly dismissed.

## CONCLUSION

This dismissal may not appealed unless this court of the Court of Appeals issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). If petitioner seeks a certificate of appealability from this court, petitioner should explain why "reasonable jurists could debate whether (or, for that matter, agree that), the petition should have been resolved in a different manner or that the issued presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

IT IS SO ORDERED   9/17/01

ENTERED:

HON. RONALD A. GUZMAN
United States Judge